**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERJANG JACK WANG, | No. 07-73220 |
| Petitioner, | Agency No. A075-579-094 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Jerjang Jack Wang, a native and citizen of Taiwan, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order summarily affirming

an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

We lack jurisdiction to review Wang's contention that he suffered past persecution because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Substantial evidence supports the IJ's finding that Wang failed to demonstrate an objectively reasonable fear of future persecution based on his complaints about his brother's incarceration and revoked parole. *See Nagoulko*, 333 F.3d at 1018 (possibility of future harm was too speculative to compel a finding of well-founded fear). Accordingly, Wang's asylum claim fails.

Because Wang failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the IJ's denial of CAT relief because Wang failed to demonstrate it is more likely than not he will be tortured if returned to Taiwan. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

Wang contentions that the IJ violated his due process rights by: (1) denying him the opportunity to submit additional evidence; (2) preventing him from presenting his case; and (3) rejecting his certified translations of particular evidence, all fail, because the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar*, 210 F.3d at 971 (internal quotation marks and citation omitted).

**PETITION FOR REVIEW DENIED.**